**UNITED STATES v. HUMMEL.**

Civ. No. 9739.

United States District Court
E. D. Pennsylvania.

July 25, 1951.

Albert C. Osofsky, Philadelphia, Pa., for plaintiff.

Benjamin R. Donolow, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

1. At all times material hereto, the defendant, Edith Hummel, was landlord of controlled housing accommodations within the Philadelphia Defense Rental Area designated as apartment A, first floor, 163 Wellington Road, Upper Darby, Pennsylvania.

2. There was in effect at all times material hereto and there is still in effect the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., and the Controlled Housing Rent Regulation issued pursuant thereto, which said Act and Regulation established maximum legal rents for housing accommodations within the Philadelphia Defense Rental Area.

3. At all times mentioned herein, the maximum legal rent for the said housing accommodations under the aforesaid Act and Regulation was thirty-five dollars ($35.00) per month.

4. During the period from January 1947 to November 1947, the defendant had rented the said housing accommodations to one Clarence Snyder and had demanded and received rental payments of forty-five dollars ($45.00) per month from such tenant.

5. Thereafter the defendant rented the said housing accommodations to one Joseph H. Brown, and from November 1947 to January 1949 the defendant demanded and received rental payments of fifty dollars ($50.00) per month from the said Joseph H. Brown for the use and occupancy of this apartment.

6. The rents demanded and received by the defendant as set forth in Findings No. 3 and No. 4 were in excess of the maximum legal rent established for the said housing accommodations. The overcharges thereby received by the defendant in connection with the tenancy of said Joseph H. Brown amounted to two hundred ten dollars ($210.00), of which sum one hundred five dollars ($105.00) represents overcharges received within one year from the date of this suit.

7. The defendant has failed to establish that the violations in connection with the tenancy of Joseph H. Brown were neither willful nor the result of failure to take practicable precautions against the occurrence of such violations.

## Conclusions of Law

1. The Court has jurisdiction of the subject matter of this action and parties hereto.

2. The defendant has violated the Housing and Rent Act of 1947, as amended, and the Controlled Housing and Rent Regulation issued pursuant thereto, by demanding and receiving rent in excess of the maximum rent permitted by said Act and Regulation.

3. The defendant having engaged in the foregoing violations, an Order enforcing compliance, enjoining violations, and requiring restitution is authorized under Section 206(b) of the Housing and Rent Act of 1947, as amended.

4. By virtue of Section 205 of the Housing and Rent Act of 1947, as amended, the plaintiff would be entitled to recover from the defendant damages in the sum of three hundred fifteen dollars ($315.00), such amount representing three times the overcharges received within one year from the date of this suit. However, the plaintiff has requested that the judgment in its favor be for the sum of two hundred ten dollars ($210.00), if restitution is ordered to the tenant of the overcharges received within one year from the date of this suit.

5. It is hereby Ordered:

a. That judgment be entered in favor of the plaintiff and against the defendant in the sum of two hundred ten dollars ($210.00);

b. That the defendant pay the Treasurer of the United States the sum of two hundred ten dollars ($210.00), for the use and benefit of the tenant, Joseph H. Brown;

c. That the defendant, her agents, servants, employees, and all persons in active concert or participation with her be enjoined from directly or indirectly soliciting, demanding, accepting or receiving any rent in excess of the maximum legal rent established by the Housing and Rent Act of 1947, as amended or superseded, and the Regulations issued thereunder, as amended or superseded;

d. That the defendant pay the costs of this action.